

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Neal | ) | Docket No.   2016-06-1872 |
| | ) | |
| v. | ) | State File No. 65631-2016 |
| | ) | |
| Connect Express, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Affirmed and Remanded - Filed January 30, 2017**

---

In this interlocutory appeal, the employer has challenged the trial court's exclusion of affidavits from evidence in an expedited hearing and its determination that the employer did not prove the affirmative defense of willful misconduct.  The parties stipulated that the employee's injuries, which resulted from a motor vehicle accident, arose primarily out of and within the course and scope of his employment.  The employer denied the claim on the basis that the accident was caused by the employee's failure to follow the rules of the road, resulting in the truck he was operating rolling over.  We affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

J. Allen Callison, Brentwood, Tennessee, for the employer-appellant, Connect Express LLC

Michael P. Fisher, Nashville, Tennessee, for the employee-appellee, James Neal

# Memorandum Opinion[1]

James Neal ("Employee") suffered multiple injuries when the truck he was operating rolled over while he was negotiating a curve on an interstate exit ramp. Connect Express, LLC ("Employer"), denied his claim for workers' compensation benefits on the basis that Employee willfully violated a safety rule and was barred from receiving benefits by Tennessee Code Annotated section 50-6-110(a). The parties stipulated that the injuries arose primarily out of and in the course and scope of the employment. The primary issue at the expedited hearing was whether Employer established the affirmative defense of willful misconduct.

The safety rule in question was a general rule that Employer's representative testified required drivers to "follow the rules of the road." Employer's representative testified that this would have been discussed with Employee at the time of his hiring and would have been contained in documentation he signed and received. Employee denied receiving an employee handbook, and neither a handbook nor other documentary evidence of rules that Employee was obligated to follow was entered into evidence. Employer's representative acknowledged that he was not present when Employee signed the documentation to begin work for Employer, and that he was, therefore, unable to comment with respect to whether Employee actually received a handbook or instruction concerning Employer's rules.

Employee acknowledged that he was aware he was supposed to follow the "rules of the road" and that the rationale for this directive was related to safety concerns. At the expedited hearing, Employer attempted to introduce into evidence the affidavit of the police officer who investigated the scene of the accident and the affidavit of an engineer who reviewed the truck's on-board event data recorder to determine the cause of the accident. These affidavits were offered as expert proof, and Employee objected to their admission into evidence on the basis that the affidavits were not timely submitted in accordance with the Court of Workers' Compensation Claims' Practices and Procedures and the Bureau of Workers' Compensation's regulations. Employee also objected to their admission on the basis of hearsay, on the basis that he was unable to cross-examine the witnesses, and on the basis that Employer had not adequately established that the affiants were experts qualified to testify regarding the cause of the accident. The trial court took the objections under advisement and, in its order awarding benefits, excluded consideration of the affidavits based upon their untimely submission. The trial court ordered Employer to provide a panel of physicians and temporary disability benefits, finding Employer had failed to establish the affirmative defense of willful misconduct. Employer has appealed.

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

Employer asserts on appeal that the trial court erred in excluding the affidavits of its expert witnesses; that the trial court erred in finding there was no safety rule in place; that the trial court erred in ordering Employer to pay for past medical expenses related to Employee's injuries; and that the trial court erred in concluding that, even if Employee was speeding, Employee's behavior was not a willful violation of a safety rule. We find no merit in any of these arguments.

The trial court excluded Employer's expert witness affidavits, finding "both affidavits were submitted outside the timeframe called for within the Court of Workers' Compensation Claims' Practices and Procedures, Rule 7.02(A)." Rule 7.02(A) requires that "no later than five business days after [a motion for expedited hearing] is filed . . ., the opposing party shall file a response and attach affidavits, declarations, or other evidence demonstrating that the moving party is not entitled to the benefits or relief sought."[2] There is no dispute that Employer failed to file its affidavits within five business days of the filing of Employee's request for expedited hearing. In its brief on appeal, Employer asserts a three-part attack on the trial court's refusal to admit the affidavits into evidence. First, it argues that the prohibition in Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) (2015) against submitting information more than five days after the filing of the request for expedited hearing only applies to "information in its possession" at the time the request for expedited hearing is filed and does not apply to affidavits that are submitted in response to the request.[3] It argues that the regulation contemplates that affidavits opposing a request for an expedited hearing may be produced more than five business days after the filing of the request for a hearing. Second, Employer argues that Rule 7.02(A) of the trial court's practices and procedures, on which the court relied in excluding the affidavits, was adopted "outside the scope of Supreme Court Rule 18 [which permits trial courts to adopt local rules of practice] and outside the Uniform Administrative Procedures Act." Finally, Employer asserts that Rule 7.02(A) conflicts with the Bureau's regulations and therefore must yield to the regulations as provided in Rule 1.01 of the trial court's practices and procedures.

Initially, we note that prior to the trial court hearing testimony and while in the process of identifying exhibits that were to be introduced into evidence at the hearing, Employee objected to the affidavits in question, noting "the basis for our objection is officially Rule 7.02(A)," and also referencing Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b). Employee additionally objected on the basis the affidavits contained

---

[2] Rule 7.02(A) was changed, effective January 5, 2017, to require a party opposing the initiation of temporary disability or medical benefits to file its documentation in support of its position no later than ten business days prior to the hearing.

[3] "Immediately upon receiving the motion, but in no event later than five (5) business days after the motion is filed with the clerk, the opposing party shall submit all information in its possession demonstrating that the employee is not entitled to temporary disability or medical benefits." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) (2015).

3

inadmissible hearsay and the affidavit of the investigating police officer did not include a proper foundation to permit the officer to express an expert opinion. In response, Employer argued the officer's affidavit included sufficient information to qualify the officer to provide an expert opinion. Employer also argued that it disclosed its witnesses before obtaining the affidavits, and that it should, therefore, be entitled to submit the affidavits.

However, in the trial court Employer did not raise the argument upon which it relies in its appeal that the trial court's practices and procedures were "adopted outside the scope of Supreme Court Rule 18 and outside the Uniform Administrative Procedures Act." Nor did Employer raise in the trial court the contention advanced on appeal that Rule 7.02(A) of the court's practices and procedures conflicts with the provisions of 0800-02-21-.14(1)(b) and must, therefore, yield to the regulation in accordance with Rule 1.01 of the practices and procedures. As we have previously noted, it is well-established that, apart from limited exceptions not applicable here, issues not presented to and decided by the trial court will not be considered by appellate courts. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). Here, the trial court was not given the opportunity to rule on these arguments being advanced by Employer on appeal. Consequently, Employer has waived its right to raise the arguments on appeal. *See State v. Walker*, 910 S.W.2d 381, 396 (Tenn. 1995); *Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. 23, at \*14 (Tenn. Workers' Comp. App. Bd. July 31, 2015).

The parties did address in the trial court whether Employer timely complied with Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) in submitting the two affidavits. Employer asserts on appeal that the regulation's requirement for submitting "all information in its possession demonstrating that the employee is not entitled to temporary disability or medical benefits" within five business days of the filing of the request for expedited hearing did not apply to the affidavits because it did not possess the affidavits at the time of the filing of the request for expedited hearing.[4] Although the trial court referenced the regulation in its analysis, the trial court's determination that the affidavits were inadmissible was based upon its finding that "both affidavits were submitted outside the timeframe called for within the Court of Workers' Compensation Claims' Practices and Procedures." In contrast to the regulation in effect at the time of the expedited hearing, Rule 7.02(A) of the trial court's practices and procedures specifically requires the party contesting a request for expedited hearing, "immediately upon receiving the request for expedited hearing, but no later than five business days after the motion is filed . . . [to] file a response and attach affidavits, declarations or other evidence demonstrating

---

[4] Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) was changed, effective November 30, 2016, to require the party opposing the request for expedited hearing to "submit all documents to the clerk, including any affidavits, demonstrating the moving party is not entitled to the requested relief no later than ten (10) business days before the date of the expedited hearing," consistent with the provisions of Rule 7.02(A) of the practices and procedures as effective on January 5, 2017. *See* footnote 2.

4

that the moving party is not entitled to the benefits or relief sought." Accordingly, the trial court did not err in excluding the affidavits based upon their untimely submission as required by Rule 7.02(A) of the trial court's practices and procedures.

Furthermore, "[b]ecause the trial court acts as a gatekeeper in assessing the admissibility of expert testimony, a trial court's determination regarding admissibility will not be overturned absent an abuse of discretion." *Skaggs v. Phillips*, No. E2012-02479-WC-R3-WC, 2014 Tenn. LEXIS 12, at \*12 (Tenn. Workers' Comp. Panel Jan. 15, 2014). "A trial court abuses its discretion only when it 'applies an incorrect legal standard or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). We cannot conclude from the record that the trial court abused its discretion or otherwise erred in excluding the affidavits that were not filed within the time frame established in Rule 7.02(A).

Turning to whether Employer presented sufficient evidence for the court to determine whether it would likely prevail at trial on the affirmative defense of willful misconduct, it stands to reason that the existence of a violation must occur to successfully invoke this defense. Without the affidavits, there is no proof in the record that Employee violated the mandate to follow the "rules of the road." There were no witnesses to the accident other than Employee, and he testified that he did not know his exact speed, as he was not looking at the speedometer at the time of the accident. He further testified that, based on his four years of experience as a truck driver and on the road conditions in that location at that time, he did not believe he was driving too fast. While acknowledging that he did not know or remember his speed at the time of the accident, he also testified that he did not believe he was exceeding the speed limit. In short, Employer has not presented sufficient proof that a violation of a safety rule occurred. Indeed, in its closing argument Employer acknowledged that if the information in the affidavit of the engineer concerning the event data recorder was not admitted into evidence, "my case falls apart. I will readily admit that for the record." We have no difficulty determining Employer failed to establish the affirmative defense of willful misconduct.

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3). The trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

5

**FILED**

**January 30, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:08 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Neal | ) | Docket No.   2016-06-1872 |
| | ) | |
| v. | ) | State File No.  65631-2016 |
| | ) | |
| Connect Express, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael P. Fisher | | | | | X | mfisher@ddzlaw.com |
| J. Allen Callison | | | | | X | acallison@chartwelllaw.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

_Matthew Salyer_

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov